O'Dell, Appellant, vs. Rogers and others, Respondents.

*October 16 — November 3, 1886.*

*Setting aside conveyance: Limitation of actions: Discovery of fraud.*

An action by the vendor of land to set aside the conveyance on the ground that the agent employed by him to make the sale was the real purchaser, must be brought within six years after his discovery of that fact. Subd. 7, sec. 4222, R. S. The evidence in this case (stated in the opinion) is *held* to sustain a finding that the plaintiff discovered the fraud more than six years before the commencement of the action.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion. The plaintiff appealed from a judgment dismissing the complaint.

For the appellant there was a brief by *J. C. McKenney*, and oral argument by *Mr. McKenney* and *Mr. J. J. Sutton*. *Joshua Stark*, for the respondent *Rogers*.

For the respondent *Burnham* there was a brief by *Finches, Lynde & Miller*, and oral argument by *Mr. Geo. P. Miller*.

ORTON, J. The nature of this action and the complaint sufficiently appear in the report of the case in 61 Wis. 562, when the case was here on appeal from an order sustaining a demurrer to the complaint on the ground that the statute of limitations had run upon the cause of action, which order was reversed.

The *gravamen* of the action is that *Daniel G. Rogers*, having been the agent and attorney of the plaintiff, was especially employed by her to sell her land to the best advantage, and fraudulently pretended that he had sold the same to one Howard Newkirk, a stranger, when in fact he had used the name of said Newkirk as a subterfuge for the purchase of the land himself in fraud of her rights. The circuit court found against any actual fraud of *Rogers*,

"except in so far as keeping the plaintiff in ignorance of the real purchaser of her lands may constitute fraud;" and, as a conclusion of law, "that the plaintiff was entitled, after her said conveyance to Howard Newkirk, to avoid the same and have the same vacated and set aside, upon the ground that the said *Rogers*, her agent employed to find a purchaser for said lands, was in fact himself joint purchaser with the defendant *Burnham* of said lands, in the name of said Howark Newkirk; the plaintiff being at the time ignorant of said *Rogers'* interest in the said purchase, and not consenting thereto." From the evidence in the case, we do not hesitate to believe that the actual fraud of *Rogers* and *Burnham* in the premises was substantially proved, and it would be useless to say more upon the subject on this appeal than that the above findings are sustained by the evidence.

These findings would entitle the plaintiff to the relief demanded, if the following facts and conclusion of law had not been also found, viz.: "The plaintiff was informed and fully advised, in the fall of the year 1875, of the fact that the defendants *Rogers* and *Burnham* were the real purchasers of her said lands in the name of Howard Newkirk, and that the grantee named in her deed of April 9, 1874, was not the real purchaser of said lands and had no interest in said purchase, and that his name was used in said deed merely for the use and convenience of said defendants *Rogers* and *Burnham*, the real purchasers thereof in his name;" and as a conclusion of law, that "the plaintiff, having had knowledge of the fact of said *Rogers'* interest in said purchase in the name of said Newkirk in the fall of 1875, being more than six years before the commencement of this action, her right to relief is barred by the statute of limitations in that behalf pleaded by the said defendants respectively." The only question in the case is, therefore, whether the last-above finding of fact is sustained by the

evidence. By subd. 7, sec. 4222, R. S., an action for relief on the ground of fraud is barred at the expiration of six years after "the discovery, by the aggrieved party, *of the facts constituting the fraud.*"

To apply the facts established by the evidence to this issue it is necessary to determine first what were the facts in this case constituting the fraud. It is claimed on behalf of the plaintiff that by the fraudulent conduct of *Rogers*, her agent, she had been placed in such condition as to be compelled to sell said land without delay, and that other and better chances of sale had been defeated or prevented. But these facts are merely preliminary to the main fact of fraud, which was the sale by *Rogers*, as her agent, to himself, while pretending to sell to a stranger. It is also claimed that the sale was made for too low a price and under its value. But this fact is not relied on as the ground of the fraud. It is very clear that this action could not be sustained without proof of the fact that *Rogers*, as the agent of the plaintiff to sell the land, sold it to himself. If this fact is proved, then it is immaterial whether he paid full value for it or not: the sale is void on account of *Rogers*' fiduciary relation to the plaintiff. He could not himself become the purchaser. It is a void sale and no sale, and he continues to hold the land in trust for the plaintiff, notwithstanding his pretended sale. This fact of inadequacy of price, however, was as well known, or should have been, at the time of the sale as afterwards. These, then, are not the facts constituting the fraud, a discovery of which would set the statute running on her cause of action. The facts constituting the fraud were that *Rogers*, the agent to sell the land, sold to himself under the pretense that he sold it to Howard Newkirk, by negotiating in his name, and having the deed made to him. These facts alone, as found by the circuit court, entitled the plaintiff to have the sale vacated and set aside. This, together with an account·

ing, which follows as a consequence, was all the relief the plaintiff asked or would be entitled to, irrespective of the other facts above mentioned.

When did the plaintiff discover these facts? The facts of such discovery are thus stated in the complaint: " The plaintiff never knew of the making of the deeds aforesaid by said *Rogers*, as attorney of said Newkirk, to said *Burnham*, and by said *Burnham* to *Rogers*, until in July, 1876, and she then *suspected* that some deceit might have been practiced upon her by the defendant *Rogers* in the matter of the pretended purchase of her said lands by said Newkirk, and that she then so informed her attorney, J. C. McKenney, and directed him to make inquiries for said Newkirk and endeavor to ascertain the facts in the matter," etc. The ground was taken, on demurrer to the complaint, that such discovery of the facts constituting the fraud was sufficient to bar the action. This court ruled on appeal that such mere *suspicion* was not such a discovery.

On the trial the evidence on this subject was as follows: Extracts from the plaintiff's testimony, given in 1877 in the case of *O'Dell* and others against *Burnham* and others, were introduced in evidence, and the plaintiff's testimony on the subject of her knowledge that *Rogers* purchased this land himself was as follows: " *Question*. This conversation with Dr. Robinson you say was in 1870? *Answer*. No; before the last sale to *Rogers*. The last sale was when I sold out my homestead. *Q*. That was in 1874? *A*. Yes, sir. *Q*. What was the price of the thirty acres when you sold it? *A*. I don't know how much they gave me, only the amounts came to $15,000. *Q*. Isn't it a fact that the price of that property to *Burnham* and *Rogers* was $18,000? *A*. $15,000 is what I received — what was paid in. . . . $1,500 is all the balance that I had left. *Q*. They asked you about the sale of this thirty acres. Who did you sell it to? Didn't you sell it to a man named Newkirk, a relative of *Rogers?*

*A.* Yes; that was as I understood it when the deed was drawn. It was drawn in Newkirk's name. I didn't know anything to the contrary till *Rogers* and *Burnham* came to my house since I returned to Milwaukee. *Q.* You supposed Newkirk bought it? *A.* Yes, sir; till *Burnham* told me he bought it himself." The plaintiff, as a witness on the trial, testified as follows: "I did not know, before I went to Minnesota, that any one besides Newkirk was interested in the purchase of this land. I did not until *Burnham* told me." *George Burnham* testified on the trial that he called upon the plaintiff the same fall the sale was made, concerning a paper she had in relation to this land,— concerning a right of way,— and that she said she had it and would hunt it up, and he said they were talking about platting the land, and she said: "I knew *Rogers* and you owned that property all the time." The plaintiff denies that *Burnham* ever told her that he or he and *Rogers* bought the land of her. But her testimony as above is conclusive against her that *Burnham* did so inform her before the year 1877. One Rany, a witness for the defendants, testified that he was present when the money was paid on the purchase, and heard the plaintiff inquire who the purchaser was, and asked *Rogers* to tell her who bought the land, and that, when *Rogers* did not answer, she said she knew who was buying it,— "it was *Burnham;*" and that "*Rogers* then said, 'It does not make any difference to you who is buying it, as long as you have got your money;' and that she said '*No.*'" A short time after the sale, according to the testimony of one Dunlap, the plaintiff told him that she had sold to the same parties who had purchased the balance of the estate, and the witness U. B. Smith testified that a few days after the sale the plaintiff told him that she had sold her land to *Rogers* and *Burnham;* and *Rogers* testified that he told her, at the time, that he was interested in the purchase, and was to take half of it. It is true, this evidence

O'Dell vs. Rogers and others.

is contradicted by the plaintiff, but there is strong corroboration of it in her own testimony, as above stated.

Can there be any doubt from this testimony that the plaintiff had knowledge, before the year 1877, that *Rogers* and *Burnham* were the real purchasers of her land, and that Newkirk was not the purchaser, as it appeared at the time? What more was it necessary for her to know to file a bill against her agent, *Rogers*, and have the sale as to him set aside on account of this breach of trust, deception, and fraud. It was enough for her to know that *Rogers* himself was the purchaser in fact when he pretended to sell and did ostensibly sell to Newkirk, and this she knew more than six years before the commencement of this suit in 1883. This evidence most certainly warranted the circuit court in finding that the plaintiff had discovered the facts constituting the fraud six years before the commencement of the suit, and that is sufficient.

It is to be regretted that so meritorious an action has been barred by the statute. But the statute of limitations is a meritorious statute, and one of peace and repose in respect to matters which have slept and been disregarded through the long and liberal time of the statute, and the strict application of it to proper cases needs no judicial apology.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 30 N. W. Rep. 229.—REP.