WELD SPALDING *vs.* EDMUND B. CONANT.

Middlesex.   January 25, 1888. — March 2, 1888.

Present: MORTON, C. J , DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Writing — Reformation — Mutual Consent.*

If the parties to a written contract correct it by mutual consent to make it conform to their actual agreement, such amended writing is valid and binding.

CONTRACT for breach of warranty of soundness in the sale of a horse.

At the trial in the Superior Court, before *Knowlton*, J., it appeared that the plaintiff bought the horse of the defendant, who gave him a bill of sale, which described the horse and set forth merely that it was "warranted not to interfere behind from swelling on nigh hind ankle, with proper treatment." There was evidence tending to show that the defendant had previously agreed to give a written warranty of soundness of

the horse with the exception of the ankle; that the plaintiff, when the paper was handed to him, noticed that it did not contain such a warranty, but took it without objection; that two or three days afterward he went to the defendant, told him that he had offered to give a written warranty of soundness of the horse, and asked him to write it into the bill; and that the defendant then wrote upon the bill of sale the words, " This horse is warranted sound, with exception of before mentioned ankle." The defendant admitted that he wrote the warranty upon such request, for which there was no new consideration, and there was no evidence that he made any objection to so doing.

The defendant asked the judge to rule: " 1. The warranty of soundness contained in the bill of sale and written therein after the horse had been sold, paid for, and delivered, in the absence of any new consideration, is void. 2. The plaintiff can only recover upon showing a breach of the warranty contained in the bill of sale at the time the same was signed and delivered."

The judge refused so to rule, but ruled as follows: " If in making the agreement for a sale the defendant made affirmations which were intended by him to be relied on as part of the contract, and were relied on as such by the plaintiff, to the effect that the horse was sound except for the swelling at the ankle, and both parties at the time they concluded their parol bargain understood that by that contract the horse was warranted sound except as to his ankle, and the defendant then made and the plaintiff received the writing which has been introduced in evidence with no provision in it as to soundness except as to the ankle, and the parties did not intend thereby to change their parol contract, and the plaintiff two or three days afterward asked the defendant to write the warranty into the contract, and the defendant then wrote the words that appear around the edge of the original writing, with a view to make the writing correctly express their contract as it was at the time the paper was originally made, and delivered the paper in its amended form as the true statement of their contract, and the plaintiff received it as such and it was such, and it was delivered and received as a binding contract, the defendant is bound by it in its amended form."

The jury found for the plaintiff; and the defendant alleged exceptions.

*J. N. Marshall,* for the defendant.

*F. T. Greenhalge,* for the plaintiff, was not called on.

C. ALLEN, J.   In this case it must now be assumed that the bill of sale as originally delivered did not contain the whole of the bargain actually made between the parties, and, upon attention being called to the omission, the defendant, for the purpose of making the writing conform to the actual agreement, inserted the warranty upon which the action is brought.   The defendant's counsel now contends that the plaintiff had accepted the bill of sale without this warranty, and that, having done so, he could not have maintained an action upon the oral warranty, because the bill of sale would have been treated as showing the whole of the contract, and that therefore the warranty inserted in the bill of sale must be treated as a new contract, which was invalid for want of a new consideration to support it.   There is, however, no rule of law which prevents parties who discover that their contract has not been correctly expressed in the written instrument, from correcting the writing by mutual consent so as to make it conform to their actual agreement; thus doing voluntarily what might be compelled in equity, on a bill to reform the contract.   The instructions were correct.

*Exceptions overruled.*