CHARLES T. FORD *vs.* UNITED STATES MUTUAL ACCIDENT
RELIEF COMPANY.

Essex.    November 8, 1888. — January 1, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Exceptions — Point not raised at Trial — Reformation of Contract —
Accident Insurance Policy.*

A question not raised at a trial is not open upon a bill of exceptions.

If an accident policy incorrectly states the occupation of the assured, the insurance company, to correct the mistake, may issue a new policy.

A policy, after describing the assured as a "leather cutter and merchant," and providing that he should receive a certain weekly indemnity if he should be wholly disabled from pursuing his occupation by an accident, recited that he was insured under "classification medium," that engaging in a more hazardous occupation should decrease the indemnity proportionately, and that he should not be entitled to indemnity "beyond the money value of his time." On the

back of the policy was a "classification of risks," the "preferred" class in which included " merchant," but the medium class, providing for less indemnity, did not in terms include "leather cutter." The assured became disabled while engaged in leather cutting, and brought an action on the policy to recover the indemnity. *Held,* that in order to recover he must show a disability both as a leather cutter and as a merchant.

CONTRACT upon a policy of insurance against bodily injuries, issued by the defendant corporation to the plaintiff. The policy, which was dated April 14, 1885, described the plaintiff as " by occupation, profession, or employment a leather cutter and merchant," and, after providing for the payment of a certain sum to his daughter in case of his death by reason of " bodily injuries effected through external, accidental, and violent means," contained the following provision : " Or, if the insured shall sustain bodily injuries by means as aforesaid which shall independently of all other causes immediately and wholly disable and prevent him from the prosecution of any and every kind of business pertaining to the occupation under which he is insured, then, on satisfactory proof of such injuries, he shall be indemnified against loss of time caused thereby in the sum of fifteen dollars per week for such period of continuous total disability as shall immediately follow the accident and injuries as aforesaid ; not exceeding, however, twenty-six consecutive weeks from the time of the happening of such accident ; but the sum paid for the satisfaction in full of any claim for weekly indemnity shall not exceed the sum collected by an assessment on each member of the company. He is insured under classification medium, but it is understood and agreed that, in the event of his being either fatally injured or otherwise disabled in consequence of his engaging temporarily or otherwise in any act or occupation of a higher or more hazardous classification according to this company's tariff, or, if not specially mentioned in the company's tariff, approximating thereto, this insurance shall not be forfeited or avoided, but he shall receive compensation to an amount proportionate to that which he could insure for under such higher classification." The policy also recited that it was, among other things, subject to the following: " The insured shall not be entitled to indemnity for disabling injuries beyond the amount of his ordinary wages, salary, or money value of his time, (with power to the directors to remit the condition,)

during the period of continuous disability, not exceeding twenty-six weeks, as aforesaid." On the back of the policy was printed a "classification of risks," consisting of five classes, described as "preferred," "ordinary," "medium," "hazardous," and "extra hazardous." The first, or "preferred class," provided for a weekly indemnity of twenty-five dollars, and included in its list of occupations that of "merchant," while the third, or "medium class," provided for a weekly indemnity of fifteen dollars, but did not include in terms in its list of occupations that of "leather cutter."

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff introduced evidence tending to show that, on March 8, 1886, while engaged in leather cutting, he was totally disabled from an injury to his left hand by an accident within the contemplation of the policy, and so continued for a period of twelve weeks. On cross-examination, the plaintiff testified that, after the injury, he went twice to New York during the twelve weeks, where he bought a little leather; that during that time he did no work with his left hand, but did work with his right hand, and that he could buy and sell goods if his pain would let him do so.

The defendant contended that the plaintiff's accident was not covered by the policy, and offered evidence tending to show that, on March 8, 1886, the plaintiff held another and different policy, also issued by the defendant, and dated April 14, 1885, in which he was described as a "merchant," and which provided for the payment of a different sum to his legal representatives in case of his accidental death, and for the payment of a larger indemnity in case of his disability by accident; that soon after March 8, the plaintiff called at the defendant's office and informed the company of the accident, and that his business was that of a leather cutter; that, upon being told by its secretary that he was insured as a merchant, and not as a leather cutter, and that he could not recover under that policy, the plaintiff said that he wished for a policy that would protect him, if in the future he should be accidentally injured while engaged in cutting leather; and that the plaintiff thereupon surrendered his policy, and the defendant issued to him the policy declared on, for the sake of convenience dating and numbering it the same as the original policy.

The plaintiff thereupon offered 'evidence to prove that the new policy was given to cover the loss he had sustained.

The jury found, in reply to specific questions put to them by the judge, that it was agreed between the plaintiff and the defendant's secretary that the new policy was to be applied to injuries already received by the plaintiff, as well as to those that might happen to him after the issue of the policy, and that the plaintiff, by the injury to his left hand, was wholly disabled and prevented from prosecuting the occupation of a leather cutter during the twelve weeks.  The judge ruled that the plaintiff was insured as a leather cutter, and not as a merchant, and ordered a verdict for the plaintiff; and the defendant alleged exceptions.

*J. F. Colby*, for the defendant.

*J. R. Smith*, for the plaintiff.

C. ALLEN, J.  1. No question was raised at the trial as to the authority of the secretary to represent the company, and none is open here.  The only question before us as to the validity of the new or substituted policy is, whether it was beyond the power of the company itself to issue the new policy after the plaintiff's accident had occurred ; and we can have no doubt upon this point.  In the original policy, the plaintiff's occupation was not correctly stated.  There was no mention that he was a leather cutter, and yet his injury was received while pursuing that part of his occupation.  How this mistake happened to be made is not stated.  The new policy was issued for the purpose of correcting it; and, without inquiring whether there were sufficient facts to show that the company might have been compelled in equity to make the correction, it clearly had the power to do so.  *Mead* v. *Davison*, 3 Ad. & El. 303.  *Spalding* v. *Conant*, 146 Mass. 292.

2. The more difficult question is, whether the ruling was right that the plaintiff was insured only as a leather cutter, and that he was entitled to recover if wholly disabled from the prosecution of that occupation.  The policy upon its face describes the insured as " by occupation, profession, or employment a leather cutter and merchant."  It then provides, amongst other things, that, " if the insured shall sustain bodily injuries . . . which shall . . . immediately and wholly disable and prevent him

from the prosecution of any and every kind of business pertaining to the occupation under which he is insured," then he is to be indemnified in the sum of fifteen dollars per week. The policy then goes on to recite that "he is insured under classification medium," but that engaging in a more hazardous occupation will not wholly vitiate the policy, but in such case he shall receive only a proportionate compensation. On the back of the policy is a classification of risks, in which the "preferred" class, which is most liberal in its indemnity to the insured, includes "merchant," and the "medium" class, which provides for less indemnity, does not in terms include "leather cutter."

The classification of risks upon the back of the policy cannot have the effect to control the express stipulations on its face. The plaintiff was insured as a leather cutter and merchant. He was described as having this twofold occupation. To be entitled to recover a weekly indemnity, he must be wholly disabled from the prosecution of any and every kind of business pertaining to the occupation under which he was insured; that is, the twofold occupation of leather cutter and merchant. Such twofold occupations are not rare. Many kinds of business include buying and selling as well as manufacturing, the whole being done by the same person. The fact that leather cutting is more hazardous than the mercantile portion of the insured's business undoubtedly served to fix the classification and the rate of indemnity, but cannot control the provision in respect to the disability which shall entitle him to that indemnity. One of the appended provisions on the face of the policy is, that he shall not be entitled to indemnity "beyond the money value of his time." His time during his disability may have been used by him as a merchant to greater profit than if he had continued at his occupation of leather cutting.

The meaning and purpose of the specification that he is insured under the "medium" classification are not that his occupation is specified under that classification, for it is not. Nor is the specification necessary to show the amount he is to receive in case of an accident resulting in death or temporary disability, for that has already been distinctly stated just before. But this specification derives its chief significance from the provision which follows, relating to his engaging in some occupation more

hazardous than those enumerated in that classification. It does not do away with the statement, that he is insured as a leather cutter and merchant.

On the whole, we are of the opinion that, to entitle the plaintiff to recover, he must show a disability both as a leather cutter and as a merchant.        *Exceptions sustained.*