THOMAS NEILL, Jr., Appellant, *v.* ORDER OF UNITED FRIENDS, Respondents.

*Insurance contract — construction in favor of assured.*

It was provided by the by-laws of a corporation that should a member thereof become disabled in following his usual or some other occupation, by reason of accident or disease, he should be entitled, under certain conditions, to one-half of the amount of his relief fund certificate, to be paid to him and deducted from the total benefit due at his death.

*Held,* that such provision should be so construed as to give it a meaning consistent with the fair import of the words used, having reference to the purpose and object of the parties in entering into the agreement in which it was contained;

That, as the language was that of the corporation, a construction should not be adopted which would defeat a recovery thereon, if it was susceptible of a meaning which would permit one;

That the word " or " created two cases in which a member might be entitled to the benefit fund, one of which was when he was disabled from following his usual occupation.

APPEAL by the plaintiff, Thomas Neill, Jr., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange in April, 1893, directed by the court after a trial before the court and a jury at the Orange Circuit, and also from an order entered in said clerk's office denying the plaintiff's motion for a new trial made upon the minutes.

Neither the judgment nor the order formed a part of the printed case.

*W. F. O'Neill,* for the appellant.

*Hackett & Williams,* for the respondent.

BROWN, P. J. :

This action was brought upon a certificate of membership in the defendant corporation, which provided that " Thomas Neill, Jr., * * * is a beneficiary member of the Order of United Friends, and entitled to all the rights and privileges of such membership and a benefit of not exceeding three thousand dollars from the relief fund, which sum shall, at death, be paid to his wife," etc.

By the by-laws of the order it was provided that " should a member become disabled from following his usual or some other occupation by reason of accident or disease," he was entitled, after examination and upon approval of his application by certain officers named, to one-half the amount of his relief fund certificate, to be paid to him and deducted from the total benefit due at his death.

The plaintiff was a brakeman in the employ of the Ontario and Western railway, and was pushed from his train by a tramp. His foot was crushed by the cars and afterwards amputated, rendering him thereafter unable to follow the work of a brakeman. He was out of work for four months, and was then given employment by the railway company in watching a tower, and after that in watching a milk car at Weehawken.

It was stipulated by the parties that at the time of the injury and ever since, the assessments levied by the defendant were sufficient to pay the plaintiff $1,500.

The complaint was dismissed at the close of plaintiff's evidence upon the ground that the loss of plaintiff's foot did not disable him from following his usual or some other occupation. It would seem as if the language of this provision must have been chosen for the purpose of raising disputes as to the right of a beneficiary to recover rather than to make plain the intent and meaning of the contract. If the intention was to afford an insurance during the life of a member only in case of his inability to perform his usual and all other occupations, the contract should have so stated. But the expression " some other occupation," is not the equivalent of " all other occupations." And if it was intended to provide a benefit fund only in case a member was disabled so that he could not follow any occupation, it was wholly unnecessary to make any reference to his usual occupation. It would rarely happen that a person would be disabled so that he could not follow some occupation, yet, if the meaning of the provision is as claimed by defendant, the ability to work at any employment, no matter how trivial it was, would defeat a recovery. In construing such a provision in a contract as the one under consideration, the court will give it such meaning as will be consistent with the fair import of the words used, having reference to the purpose and object of the parties in entering into the agreement, and as the language is that of the defendant, a construction

will not be adopted which will defeat a recovery if it is susceptible of a meaning which will permit one.

The expression quoted from the by-laws admits of two meanings, one, which treats the disability as a condition which would render the beneficiary unable to work, and the other, which treats the occupation as the source or occasion of the disability. The intent of the parties, as manifested by the last reading, would be that a member would be entitled to the benefit fund, provided that the accident or disease which caused his disability arose from his employment. That is, if the accident happened or the disease had its source in his occupation. In other words, it refers the disability to the occupation, and makes its source the test of the company's liability. As the accident which caused plaintiff's disability happened while engaged in his usual employment, his case falls within this construction of the contract. Under the other reading the source of the accident or disease causing disability is of no importance. Inability to labor is made the test of liability, and the member becomes entitled to the benefit fund, provided he is unable to follow his usual occupation or some other occupation.

The defendant reads this sentence as if " or " was " and " and " some other " " all other." It cannot be so construed.

The word " or " creates two cases in which the member may become entitled to the benefit fund. Who would be included in the second class of cases we need not now determine. When a member who is permanently disabled from following some occupation other than his usual occupation asserts a claim to the fund, the expression " some other occupation" will be construed and given its proper place in the contract.

It is sufficient for the present occasion that the plaintiff is unable to follow his usual occupation. That fact brings his case within the contract. Under either reading, therefore, of the condition of the contract in question, the plaintiff's case, as made by the evidence, falls within it.

He has lost a limb, which is a permanent disability. The loss renders him unable to follow his usual occupation, and its loss was occasioned by reason of an accident which happened while engaged in following his usual occupation.

We are of the opinion, therefore, that the case was one for the jury.

The judgment must be reversed and a new trial granted, costs to abide the event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.