The court declines to consider the appeal for the reasons stated in the opinion by DWIGHT, J.

---

JAMES G. KNAPP, RESPONDENT, *v.* THE PREFERRED MUTUAL ACCIDENT ASSOCIATION OF NEW YORK, APPELLANT.

*Accident insurance — total disability — dangerous occupation — injuries not occurring in the pursuit of the occupation named in the policy.*

A policy of insurance against "bodily injuries effected through external, violent and accidental means," provided for certain payments "if said member shall sustain bodily injuries by means as aforesaid, which shall, independently of all other causes, immediately and wholly disable and prevent him from the prose-

cution of any and every kind of business pertaining to the occupation under which he receives membership."

The party assured, being described in the policy as a retired gentleman, and having, in fact, no occupation except to amuse himself, injured himself while operating a buzz-saw at a wagon manufacturing company's shop, of which he was a stockholder and director, and in consequence thereof he was obliged to carry his arm in a sling, and was deprived of its use to. a greater or less extent during a period of some months.

*Held*, that he was not entitled to recover.

*First.* Because the injuries sustained resulted from an exposure not incident to the plaintiff's occupation named in the contract of insurance.

*Second.* Because he was not thereby totally disabled and prevented from the prosecution of any and every kind of business pertaining to the occupation under which he received membership.

*Third.* Because the work of operating a buzz-saw was not incident to the occupation named in the policy and was dangerous, and accidents arising therefrom were, by the terms of the policy, not covered by the provisions thereof, although such occupation was engaged in only for the purpose of amusement.

APPEAL by the defendant from a judgment entered upon a verdict rendered at the Cayuga Circuit in favor of the plaintiff for the sum of $317.85, and entered in the office of the clerk of the county of Cayuga on the 2d day of October, 1888.

*E. C. Aiken,* for the appellant.

*Tuber & Brainard,* for the respondent.

DWIGHT, J.:

The action was on a policy of insurance in the form of a certificate of membership of the plaintiff in the defendant association. The insurance was against death or total disability resulting from "bodily injuries effected through external, violent and accidental means;" payable, in case of death, to the beneficiary named in the contract, and, in case of disability, to the plaintiff himself. The total disability insured against was defined in the following language: "If said member shall sustain bodily injuries by means as aforesaid, which shall, independently of all other causes, immediately and wholly disable and prevent him from the prosecution of any and every kind of business pertaining to the occupation under which he receives membership;" and the undertaking was, in such case, to indemnify the assured against loss of time thereby in a sum not to exceed twenty-five dollars a week for such period of total dis-

ability as shall immediately follow the accident and injuries as afore-said, not exceeding," etc.

The occupation under which the plaintiff received membership was stated in the contract to be that of "a retired." It may be assumed that the substantive "gentleman," or some equivalent, was omitted by clerical error after the adjective "retired" in this description. The plaintiff testified that at the time he made his application for insurance he had no occupation, except to amuse himself; that his income was derived from investments; that he had a shop at his house, where he spent some leisure moments working at different things, for his amusement; a steam yacht on Owasco Lake, which he ran himself, and a horse and carriage for his own driving; that he was a stockholder and director in a wagon manufacturing company, and at times used some of the machinery of the wagon-shops in connection with his amusement.

It was when operating a buzz-saw at the wagon-shop that he received the injury for which he seeks to recover indemnity under his certificate or policy of insurance. The injury consisted of a bruise and cut on the back of his right hand caused by a blow from a stick which he was sawing, being thrown backwards by the saw. The wound was severe and painful, the hand required to be carried in a sling, and the plaintiff was deprived of its use, to a greater or less extent, during a period of some months; for the loss of which time he was awarded compensation by the verdict in this action.

Among the conditions of the contract, besides those already men-tioned, was the following: "This certificate shall be wholly void as to all accidents occurring in any occupation, profession or employment, or exposure not named, or incident to the occupation under which he receives membership;" by which is apparently intended 'any occupation, etc., not named in the certificate as that of the insured, or any exposure not incident to the occupation named'

Two questions arise upon the facts thus stated, both of which seem to have been presented by the motion for a nonsuit, and the exceptions to the charge, viz.: First. Did the injury sustained by the plaintiff result from an exposure incident to the plaintiff's occupation named in the contract? And, second, Was the disability incurred "total" within the definition of the contract? Both of

these questions, we think, require to be answered in the negative, and, therefore, adversely to the plaintiff's claim. The undertaking of the defendant, as expressed in the contract, was not to indemnify against pain, suffering or inconvenience, but against loss of time in the prosecution of the occupation under which the insured received membership; and the injuries must be such as to "wholly disable and prevent him from the prosecution of any and every kind of business pertaining" to such occupation. Can it be said that a man with his hand in a sling, and suffering a degree of discomfort from a painful wound in that member, is wholly disabled and prevented from the prosecution of every kind of business pertaining to the condition of a retired gentleman? The question is one which does not seem to admit of much discussion, but it would be easy to suggest many duties, and even pleasures, pertaining to the domestic, social and business relations of a retired gentleman, from which he would not be wholly debarred by a disabled hand. He might still, it would seem, keep an eye upon his investments, collect and disburse or reinvest his income, attend the meetings of the boards of directors of which he was a member, superintend repairs and improvements to his property, and, generally, devote considerable attention to the care of himself, his family and his estate. That the plaintiff was totally disabled and prevented from any and every kind of business pertaining to the situation in life which he ascribes to himself seems not to be established by the evidence before us.

But his case seems to us to be even more clearly excluded from the provisions of the contract by the answer to the first of the two questions above suggested. The work of operating of a buzz-saw is proverbially dangerous; and is, probably, not less so when engaged in for amusement than when practiced as a business or occupation. The dangers are such as probably to exclude the case of one engaged in the business from the class of preferred risks. The injury sustained by the plaintiff occurred from voluntary exposure to those dangers. Can it be said that such exposure was incident to the occupation or condition of a retired gentleman? If not, the contract was, by its terms, void as to the accident resulting therefrom.

Upon either and both of the grounds considered we think the

motion for a nonsuit was well based, and that its denial was error, for which a new trial must be granted.

All concurred.

Judgment and order reversed and new trial granted, costs to abide event.