## UNITED STATES MUTUAL ACCIDENT ASSOCIATION
### v.
### MORTIMER MILLARD.

*Accident Insurance—Policy—Conditions—Injury Received While Fighting.*

1.   The fact that a person insured in an accident insurance company engaged in a fight, though he himself was not the aggressor, brings his injury, received as the result thereof, within a condition in the policy providing that it would not cover accidental injuries resulting from, or caused directly or indirectly, wholly or in part, by fighting.

2.   Where such company contracts to indemnify a person injured for loss of time when wholly disabled from attending to his ordinary business, there can be no recovery, the injury being so slight as not to seriously interfere with the prosecution thereof.

3.   This court reverses the judgment for the plaintiff in the case presented, he being an attorney whose thumb was injured during an altercation, said injury interfering in only a slight degree with the practice of his profession.

[Opinion filed February 26, 1892.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Messrs. W. C. & J. C. JONES, FRANKLIN A. McCONAUGHY, and W. B. SMITH, for appellant.

Mr. L. H. HITE, for appellee.

PHILLIPS, P. J.   The appellee was insured in the appellant company, he being an attorney by occupation, in the sum of $25 per week against loss of time, not exceeding twenty-six consecutive weeks, resulting from bodily injuries effected through means as aforesaid, other than such as shall result in the loss of one or both hands, feet or eyes, which shall, independently of all other causes, immediately, wholly and continuously disable him from transacting any and every kind of busi-

ness pertaining to his occupation above stated. The policy further provides that "the insurance under this certificate shall not extend to or cover accidents, injuries or death resulting from, or caused directly or indirectly, wholly or in part, by fighting or wrestling, nor extend to or cover intentional injuries inflicted by the insured or any other person." The policy further provides that the payment of this insurance is conditioned upon the money being realized from assessments upon the members of the association. While this policy was in force in January, 1889, the plaintiff became engaged in an altercation with one Cockerell, and blows passed between them. Cockerell was the aggressor, and in reply to a remark of Millard's, struck him, and during or immediately following, and as a result of this altercation, the plaintiff partially fell and caught the thumb of his right hand on a chair and injured the same, and for about twenty-six weeks was unable to use that hand. During the time he was suffering with his hand he was, during office hours, at his office or in court engaged in the business of his profession. A trial was had resulting in a verdict for $550. A motion for a new trial being overruled the defendant brings the record to this court.

Under the certificate of insurance in this case, it is stated that the insurance under that certificate shall not extend to or cover accidental injuries resulting from, or caused directly or indirectly, wholly or in part, by fighting. That the injury to plaintiff resulted directly or indirectly from the fact of the altercation between him and Cockerell is clearly shown by the evidence in this record, and this whether the injury occurred during or immediately following the struggle. The fact that the assured engaged in a fight, though he himself was not the assaulting party, is clearly within the meaning of the terms of the policy as excluding injuries so received from its operation and insurance as being caused by fighting or being intentionally inflicted by another. Travelers Ins. Co. v. McConkey, 127 U. S. 661; Huntcraft v. Travelers Ins. Co., 37 Ky. 300.

The evidence shows that after the injury, and during the time that indemnity is claimed under this policy, the plaintiff was at his office during office hours and attending to profes-

sional business, advising clients, accepted employment as attorney, commenced suits, and he does not remember to have refused to accept employment as an attorney during that time on account of the injury, and in reply to the question as to what extent he was disabled, the plaintiff replied, "Simply to the extent of not being able to use my hand, that is all." That the injury to the hand was severe, and that the plaintiff suffered much pain is shown. Is such injury to the extent shown by this evidence within the terms of this policy? The clause of the policy is, "That indemnity is to be paid for the loss of time resulting from bodily injuries which shall, independently of all other causes, immediately, wholly and continuously disable from the transaction of any and every kind of business pertaining to his profession as an attorney at law." Construing this contract as the parties made it, an injury that did not wholly and continuously disable assured from the transaction of any kind of business pertaining to his profession, is not within the terms of the policy.

The undertaking of the defendant was not to indemnify against pain or inconvenience, but for loss of time when wholly disabled from attending to his professional business; and it can not be said that an injury to plaintiff's hand, and pain and discomfort resulting from the injury, wholly disabled him from the prosecution of the duties of his profession. His own evidence shows it did not do so, and his right to the indemnity is not shown by the evidence in this record. Knapp v. Preferred Mutual Association, 24 N. Y. St. Rep. 882; Lyon v. Railway Pass. Ins. Ass'n, 40 Iowa, 638; Rhodes v. Railway Pass. Ins. Co., 5 Lansing, 77; Loveland v. The Fidelity & Casualty Company of N. Y., 67 Wis. 174.

In the case last cited, it is said: " The cause was submitted to the jury on the theory that it was the object of the policy to insure the plaintiff against accident, and to pay the plaintiff what the company had agreed to pay for the accident he had received, if, by that accident, he had been disabled in any way from prosecuting the business in which he was engaged; that it was to indemnify the plaintiff for his want of capacity to prosecute the business in which he was engaged, that the

plaintiff was entitled to recover at the rate agreed on in the policy for such time as, by reason of such accident, he was rendered wholly unable to do his accustomed labor, that is, to do substantially all kinds of his accustomed labor to some extent."

The Supreme Court of Wisconsin held the charge improper and say: "The plaintiff's right to recover is necessarily restricted to the time he was wholly disabled and prevented from the prosecution of any and every kind of business pertaining to his occupation."

The second instruction given for the plaintiff was: "If it appears from the evidence that the plaintiff was not able to do all the substantial acts necessary to be done in the prosecution of his business on account of the injury he received, then he was wholly disabled within the meaning of the policy." The instruction is broader than the terms of the policy would authorize. While inability to write would be exceedingly inconvenient to an attorney who had been engaged in practice for years, yet it would not be a total disability from attending to certain duties of his profession, and the instruction that if the plaintiff could not do all substantial acts necessary to be done in the prosecution of his business, he was wholly disabled, is erroneous. The judgment is reversed.

*Judgment reversed.*