RAYBURN v. CASUALTY CO.

(Filed May 16, 1906).

*Accident Insurance—Effect of Delivery—Conditions—Burden of Proof—Total Disability—Partial Disability—Election—Amount Recoverable.*

1. In the absence of fraud, the delivery of an insurance policy is conclusive proof that the contract is completed and is an acknowledgment that the premium was properly paid during good health, and in such case the policy takes effect from its date.

2. If there be conditions in an insurance policy restricting the effect of the delivery, proof of their non-observance devolves on the defendant.

3. In an action for indemnity under an accident policy, where there was no evidence upon which the jury could base any conclusion in regard to the medical or surgical treatment received by plaintiff and its effect upon the length of time which his disability continued, the jury could not be permitted to guess that if the plaintiff had consulted other physicians or received other treatment, he may have had earlier relief.

4. Where, under an accident policy, plaintiff, whose occupation was a section foreman, was insured for $5.00 per week for a period not exceeding 104 weeks, during which, by reason of injuries caused by accident, he should be "wholly, immediately and continuously disabled from transacting any and every kind of business pertaining to his occupation," and he testified that he performed from and after March 24, the same service in the same occupation and at the same salary as before the injuries complained of, he was not entitled to recover any indemnity after said date.

5. Where an accident policy provided for indemnity for partial disability, but the plaintiff elected to sue for total disability, the measure of his right must be determined by the language of his contract.

6. In an action on an accident policy providing for the payment of a certain indemnity weekly, a recovery cannot be had for any time subsequent to the date of the summons.

RAYBURN *v.* CASUALTY CO.

ACTION by S. C. Rayburn against The Pennsylvania Casualty Company, heard by *Judge W. B. Councill* and a jury, at the October Term, 1905, of the Superior Court of RUTHERFORD.

This was an action upon a policy issued by defendant to the plaintiff, the material parts of which are as follows: "In consideration of the agreements herein * * * and the payment of an annual premium of $10, the Pennsylvania Casualty Company * * * does now agree to pay to Stephen C. Rayburn, * * * by occupation a section foreman on track work, for bodily injuries caused by external, violent and accidental means, which wholly, immediately and continuously disable the assured from transacting any and every kind of business pertaining to his occupation, $5 per week for a period not to exceed one hundred and four weeks." The application is dated October 21, 1901—the policy October 23, 1901. Plaintiff alleged that on the 27th day of October, 1901, while driving in a buggy, he sustained an injury, dislocating his right shoulder; that he received assistance from several physicians, none of them giving him relief until the 22nd of February, 1902, when his shoulder was replaced. That he could not at the time of the trial use his shoulder and arm "to any advantage;" that he could not do the work he was performing at the time he was hurt. He further testified: "Have been engaged in my work for six years. I was section foreman at the time policy was applied for, and I am now occupying the same position. I worked from one to six men. Was allowed three men at the time I applied for policy, and I was being paid $38 a month salary for that work; I am now getting the same salary of $38 per month as section foreman. I went back to my work and occupation as section foreman on the 24th day of March, 1902, at the same salary I was getting at the time I was hurt, and at the same salary that I am now receiving, and with the same force of hands, three in number, that I had

before I was injured; my crew consisted of three hands on October 26, 1901, and it consisted of three hands on March 24, 1902. I was hurt on Sunday, October 27, 1901." He described the manner in which he sustained the injury, as follows: "Was driving along in a buggy, was going to church, wheel ran off, horse was frightened," etc. The defendant admitted that application was made on October 21 for the policy, and alleged that on the 23rd day of October it forwarded to its agent the policy set out in the complaint, with instructions to collect the premium due thereon and deliver the policy to plaintiff. That on the 30th day of October, 1901, said agent collected the premium and delivered the policy. That said policy provided that it could not take effect unless the premium was actually paid previous to any accident under which the claim was made. Plaintiff put in evidence the policy with the application and testified as herein set forth. Defendant introduced no testimony, but demurred to the plaintiff's evidence, and moved for judgment of nonsuit, which was denied, and defendant excepted. Defendant tendered the following issues: (1) Was the policy delivered prior to the accident alleged in the complaint? (2) Was the premium on the policy paid prior to the accident alleged in the complaint?" His Honor declined to submit these issues and defendant excepted. His Honor thereupon submitted the following issues: "1. Was the plaintiff injured by accident as alleged in the complaint? Ans. Yes. 2. Was plaintiff's policy of insurance in force at the time of such injury? Ans. Yes. 3. Did the injury sustained by plaintiff wholly, immediately and continuously disable him from transacting any and every kind of business pertaining to his occupation? Ans. Yes. 4. How long did such disability continue? Ans. 104 weeks. 5. What amount, if anything, is plaintiff entitled to recover of defendant? Ans. $520." Defendant requested the court to charge the jury as follows: "1. That the payment of the

premium being a condition precedent to the validity of the policy, it was incumbent upon the plaintiff to prove payment of the premium prior to the accident or injury alleged in the complaint, and the plaintiff having failed to prove the payment of the premium prior to the accidental injury alleged in the complaint, is not entitled to recover.   2. That the policy introduced in evidence failed to recite a receipt of the premium, and further containing a clause stipulating that the policy shall not be enforced as to any accident occurring prior to the payment of the premium, it was necessary for plaintiff to prove a payment of the premium prior to the accident alleged, before he can recover, and if the jury should find from the evidence that there is no evidence of the payment of the premium prior to the date of the accidental injury complained of, the jury shall find in favor of the defendant and answer the issue as to whether the defendant is liable to the plaintiff 'no.'   3. That if the jury should find from the evidence that the accidental injury alleged in the complaint occurred on the 27th day of October, 1901, then the plaintiff cannot recover in this action, and the jury should answer the issues as to the liability of the defendant to plaintiff, in behalf of the defendant.   4. That if the jury should find from the evidence that the plaintiff was injured by accidental means on October 27, 1901, and that as a result of said accidental injury plaintiff was wholly, immediately and continuously disabled from transacting any and every kind of business pertaining to his occupation only until the 25th day of March, 1902, then the jury should find that the disability continued for a period of 21 weeks, and should answer the issue submitted in accordance with said finding * * *   10. That if the jury should find from the evidence that the plaintiff was wholly, immediately and continuously disabled for a longer period of time than 21 weeks; and if the jury should find further from the evidence that this suit was instituted on October 23, 1902, then the jury

is instructed that plaintiff, having elected to bring his suit at that time, any contract plantiff had with defendant terminated on said date, and plaintiff could not recover for longer time than the 23rd of October, 1902. 11. That the payment of the premium prior to the accident being a condition precedent to the validity of the policy, the burden was upon the plaintiff to prove or show to the satisfaction of the jury that he had complied with this condition precedent and paid the premium prior to the accident; and if the jury should find from the evidence that the plaintiff has not proved payment of the premium prior to the accident, then plaintiff is not entitled to recover and the jury should answer the issues in favor of defendant." Defendant submitted other requests not necessary to set out. His Honor gave the fourth instruction without alteration—declined the others. Defendant excepted. His Honor instructed the jury that if they believed the evidence they should answer the first issue 'yes,' otherwise 'no,' to which defendant excepted. Upon the second issue His Honor instructed the jury that if they believed the plaintiff's evidence that the policy offered in evidence was delivered by him to defendant, that such delivery was conclusive proof that the contract was complete and was an acknowledgment by the defendant that the premium was properly paid during good health of plaintiff and they should answer the issue 'yes,' otherwise 'no.' To this the defendant excepted. The third issue was answered by consent. Upon the fourth issue His Honor charged the jury as follows: "That the plaintiff is only entitled to recover for such period of time as he was wholly, immediately and continuously disabled from performing the substantial part of his duty pertaining to this occupation, not exceeding the period, however, of one hundred and four weeks," and further charged: "If you find that the plaintiff has been prevented from performing such duty pertaining to his occupation from the 27th October until the present time, then you

will answer this issue 104 weeks, which is the time stipulated
in the policy; if, however, you find that plaintiff has been
able to perform the substantial part of the duties pertaining
to his occupation since the 24th of March, 1902, then you
will answer the issue 21 weeks, which is the period of time
from October 27, 1901, to March 24, 1902. In order for
plaintiff to recover under this policy for being wholly, imme-
diately and continuously disabled from performing every
kind of business pertaining to his occupation, he must sat-
isfy you that he has been wholly, immediately and continu-
ously disabled from performing the substantial part of the
duties pertaining to his occupation." Defendant excepted.
From a judgment upon the verdict, defendant appealed,
assigning as error the rulings of the court upon the several
matters to which it had noted exceptions.

*McBrayer & McBrayer* for the plaintiff.
*Gallert & Carson* for the defendant.

CONNOR, J., after stating the facts: This cause was before
us at the February Term, 1905 (138 N. C., 379), at which
time several of the questions presented by defendant's excep-
tions were considered and decided. *Mr. Justice Brown,* writ-
ing for the unanimous court, there said: "In the absence of
fraud, the delivery of an insurance policy is conclusive proof
that the contract is completed and is an acknowledgment that
the premium was properly paid during good health." This
proposition, with the further one, that in such case the policy
takes effect from its date is sustained by the authorities cited
in that opinion. As stated by *Judge Brown,* if there be con-
ditions in the policy restricting the effect of the delivery,
proof of their non-observance devolves on the defendant.
The learned counsel for the defendant insists that the condi-
tions contained in the policy must be complied with before it
is effectual—that they are conditions precedent. Let this be

conceded and the result follows that the delivery of the policy
is an acknowledgment by the company that they have been
met—that the premium has been paid. It is not that the con-
dition has been waived; but that, in the absence of evidence to
the contrary, the delivery of the policy is an acknowledgment
that they have been complied with. It cannot be that after
the delivery of an instrument, reciting the payment of the
consideration upon which the promise of defendant is based,
the plaintiff must "go forward" and prove what is solemnly
admitted. Such is the proper construction of the policy.
The defendant concedes that a number of courts have decided
the question in accordance with our view, but insists that
the contrary is held by others and is the correct view. On
the last trial defendant offered no evidence nor does it ap-
pear, in any way, that the premium had not been paid. We
presume that this course was pursued in deference to our
decision on the former appeal. We have examined the au-
thorities cited and see no reason for changing the conclusion
to which we then arrived. This disposes of the defendant's
exceptions in regard to His Honor's refusal to submit the
issues tendered. The questions sought to be presented were
met and disposed of by the instruction to the jury upon the
second issue, which is sustained by the decision upon the
former appeal. In the view which we take of the ruling of
His Honor upon the fourth issue, several of defendant's ex-
ceptions become immaterial. We have examined the several
prayers declined by His Honor and see no error in his rul-
ings.

Without discussing the interesting question presented by
defendant's counsel in regard to the medical or surgical
treatment received by plaintiff and its effect upon the length
of time which his disability continued, we find no evidence
upon which the jury could base any conclusion in regard
thereto. To guess that if the plaintiff had consulted other
physicians or received other treatment, he may have had

earlier relief, cannot be permitted. This brings us to a consideration of the ruling upon the fourth issue. An accident policy does not undertake to indemnify the insured for permanent injuries, otherwise than is expressly provided by its terms. Considered only with reference to such of the terms of this policy as are involved in this appeal the contract is that the company undertakes to pay the insured whose occupation is. "a section foreman on track work" the sum of five dollars per week for a period not exceeding one hundred and four weeks, during which, by reason of injuries caused by accident, etc., he is "wholly, immediately and continuously disabled from transacting any and every kind of business pertaining to his occupation." The standard, therefore, by which the amount of his recovery is fixed is the number of weeks during which, by the causes named in the policy, he is so disabled from transacting, not his occupation, but every kind of business pertaining to such occupation. His Honor gave the fourth prayer of defendant, which we think correctly instructed the jury in that respect. The only testimony which the jury had for its guidance was that of the plaintiff. He says that he went back to his work and occupation as section foreman on March 24, 1904, with same number of hands at the same salary which he had received before the accident and has continued in such occupation under the same conditions to the time of the trial. In view of this testimony defendant insists that His Honor was in error in submitting to the jury any theory upon which they could find that plaintiff was disabled in the manner and to the full time provided for by the policy; that he should, upon plaintiff's evidence, have instructed the jury to answer the fourth issue —twenty-one weeks. In his carefully prepared brief defendant's counsel cites a number of cases which sustain his contention in this respect. In *Bylow v. Casualty Co.*, 72 Vt., 325, it appeared that plaintiff was insured by a policy containing the identical language found in the one before us.

His occupation was a lumper in a granite cutting yard, the duties of which occupation were "overseeing, carrying and boxing granite, loading and unloading cars." His thumb was injured; he continued thereafter in the employ of the granite firm in superintending the work that he had been doing before the accident. *Taft, C. J.,* said: "It thus appears that he was not wholly and continuously disabled and prevented from performing any and every kind of duty pertaining to his occupation, for he continued in the employ of the same firm in connection with his duties, performing them in part and receiving ninety per cent of his full pay, working nine hours daily instead of ten, at the same rate per hour that had been paid him." In this appeal plaintiff performed from and after March 24, 1902, the same service in the same occupation at the same salary.

In *U. S. Mut. Accdt. Asso. v. Millard,* 43 Ill. App., 148, the court said: "The undertaking of defendant was not to indemnify against pain or inconvenience, but for the loss of time when wholly disabled from attending to his professional business." In *James v. Casualty Co.,* 88 South Western (Mo.), 125, *Ellison, J.,* says: "We hold the contract to mean, not that the insured was rendered absolutely and literally unable to perform any part of his occupation, but that he was disabled from performing substantially the occupation stated in the policy." This is in accordance with the standard laid down by His Honor. The definition of the terms used and construction of a policy very similar to that under consideration is given in *Wall v. Continental Casualty Co.,* 86 South Western (Mo.), 490. The discussion and review of the authorities is exhaustive. *Goode, J.* says: "The purpose was to provide indemnity for the plaintiff if he should sustain loss of time in consequence of an accidental injury; that is, be prevented by such an injury from using his time so as to derive income from it. In other words, the agreement contemplated an indemnity to the plaintiff by an acci-

dental injury by which his ability to earn money should be
suspended." *Knapp v. Mut. Accidental Ins. Co.,* 53 Hun.
(6 N. Y. Supp., 57), 84; *Ford v. U. S., etc., Co.,* 148 Mass.,
153; *Lobdill v. Mut. Aid Asso.,* 69 Minn., 14; 1 Cyc.,
269-270.

After instructing the jury as requested by defendant, His
Honor further said: "If you find from the evidence that the
plaintiff was prevented from performing the substantial part
of his duty pertaining to his occupation according to the con-
tentions of the plaintiff, then you will answer this issue 'one
hundred and four weeks.'" We find nothing in the evidence
to sustain this instruction. It is true that the plaintiff testi-
fied that a part of his duty in his occupation was, at times, to
do actual manual labor, putting in cross ties, driving spikes,
tamping ties, etc. That he was not able to do this work since
the injury sustained by him. Assuming this to be true, he
says that he is now working the same force of hands, follow-
ing the same occupation and receiving the same salary as
before the injury. In the light of this testimony, we do not
think that it can be said, or the inference reasonably drawn,
that he was substantially "wholly, immediately and continu-
ously disabled from transacting any and every kind of busi-
ness pertaining to his occupation" for one hundred and four
weeks. This is the plain language of the policy and measure
of defendant's liability. It is true that His Honor in this
connection states plaintiff's contention to be that the railroad
company was rewarding a worthy employee who had the mis-
fortune to be injured, etc. We find no suggestion of any
such condition in the evidence upon which to base such a
contention. In the absence of such explanation of the actual
conditions existing since March 24, 1902, we must conclude
that plaintiff earned his salary in his occupation. How far
the generosity of the railroad company, if shown to exist,
would affect the defendant's liability, it is not necessary for
us to say. We are not disposed to depart from the well set-

tled and frequently recognized rule that the language of insurance policies, when of doubtful meaning, is to be construed strictly against the insurer, and liberally in favor of the insured, but we may not do violence to clear and explicit language to find or to increase, liability by construction when it does not exist by a fair interpretation of the contract. It will be noted that the policy provides for indemnity for partial disability by which the company agrees to pay not exceeding eighty per cent of the amount payable for a total loss of time. The plaintiff elected to sue for total disability and the measure of his right must be determined by the language of his contract. In the light of his own testimony he cannot recover for more than twenty-one weeks, and His Honor should so have instructed the jury. He did so by giving the fourth prayer and the error consists in adding thereto the language excepted to. While this disposes of the appeal, an interesting, and in view of the large number of such policies in existence, an important question is presented by defendant's request to His Honor to instruct the jury that only fifty-two weeks having elapsed between the injury and the date of the summons, plaintiff could not, in any point of view, in this action recover for more than that time. At the time of the trial the entire period had elapsed. It will be noted that the contract is to pay "five dollars per week." We presume that after the proofs are in, the insured is entitled to demand the weekly indemnity at the end of each week, and upon failure to pay may sue therefor. However this may be, we do not think that a recovery may be had for any time subsequent to the date of the writ. In certain well defined cases, sounding in damages the plaintiff may have his damages assessed up to the time of the trial and in some, as for personal injuries, damages may be assessed for future suffering and incapacity. We find no authority for permitting a recovery upon an express contract for any other amount than

that due at the date of the writ. *Jarrett v. Self,* 90 N. C., 478; *Smith v. Lumber Co.,* 140 N. C., 375.

There must be a new trial upon the fourth issue. It is so ordered.

Partial New Trial.