ANDREW GREEN v. INTER-OCEAN CASUALTY COMPANY OF
CINCINNATI, OHIO.

(Filed 21 December, 1932.)

**1. Insurance R c—Ability to do odd jobs of trifling nature will not prevent recovery under disability clause in life insurance policy.**

The ability to do odd jobs of a comparatively trifling nature will not prevent an insured from recovering under the provisions in a life insurance policy for the payment of a certain sum monthly in case the insured should become "wholly and continuously disabled and prevented from performing each and every duty pertaining to any business or occupation

by reason of sickness," and in this case the insured's evidence of such disability was sufficient to be submitted to the jury, it being for the jury to determine under proper instructions from the court whether the insured had suffered such disability as to entitle him to recover under the terms of the policy.

2. **Same: Evidence K b—Testimony of expert that insured would not be able to again perform his regular employment held competent.**

In an action to recover on a disability clause in a policy of life insurance, testimony by a medical expert who had examined the insured that in his opinion the insured would never be able to again perform his regular employment as a section hand is held competent, and testimony by the insured that he did not know how to perform any work other than manual labor *is held* not prejudicial, there being sufficient evidence to go to the jury on the question as to whether the insured had suffered a disability within the meaning of the policy.

3. **Trial F a—Issues presenting all essential matters in dispute are sufficient.**

Issues are sufficient if they present for the determination of the jury all essential matters or determinative facts in dispute.

4. **Insurance P b—Issue tendered as to matter of defense in policy held properly refused under the pleadings and evidence.**

In an action on an insurance policy the plaintiff is not bound to anticipate defenses which the insurer may set up, it being sufficient if the complaint contains a statement of the policy contract and alleges facts upon which the insurer is liable thereunder, and the insurer's failure to make payment in accordance therewith, and where in an action on a disability clause in a life insurance policy the plaintiff alleges the contract and his disability covered thereby, and the insured fails to set up in its answer that disability was payable under the terms of the policy only in case the plaintiff was regularly attended by a physician, and the insurer introduces no evidence: *Held,* the provision as to attendance by a physician can be waived by the insurer, and the insurer's contention that it was error for the trial court to refuse to submit an issue as to whether the insured had been so attended by a physician cannot be sustained.

5. **Appeal and Error E b—Matters not set out in record are deemed correct.**

Where the charge of the trial court is not contained in the record it is presumed that the court correctly charged the law on every material aspect, and charged the law applicable to the facts.

6. **Insurance P g: Action B g—Judgment may not order insurer to pay monthly disability payments to insured subsequent to date of summons.**

Where in an action to recover under a disability clause in a life insurance policy the insured is entitled to judgment upon the verdict of the jury, the recovery should be limited in the judgment for the period of disability up to the time of the issuance of summons, but judgment that the insured also recover the monthly disability payments "so long as he shall live" is error, the alleged cause of action having already accrued,

and the judgment not coming within the provisions of the Declaratory Judgment Act which was designed to set controversies at rest before they led to repudiation of obligations, the invasion of rights, and the commission of wrongs.

APPEAL by defendant from *Clement, J.,* at February Term, 1932, of RUTHERFORD. Modified and affirmed.

This is an action brought by plaintiff against defendant to recover on an insurance policy. The defendant, Andrew Green, was working as a section hand for the Southern Railroad Company, and had been for the past 26 years off and on, and lived near Forest City, N. C. He testified, in part: "Prior to February, 1931, I worked as section hand for about 7 years putting in service tracks tile on the Southern Railroad. The Southern Railroad Company deducted from my wages each month premiums on the insurance policy involved in this suit. In February, 1931, I took sick and had a smothering in my heart. It affected my back and my stomach swelled up. I could not lay down and had to set up in a chair part of the time. My arms swelled and my stomach and ankles swelled. My heart and back and stomach swell yet. I am unable to work. When I attempt to work I have a smothering in my heart. My stomach swells up and I cannot eat anything and cannot rest at night. My back gets to drawing and throws my stomach out of fix and creates a smothering around my heart. Since February, 1931, I have been unable to do any work except walking around and piddling about. I also have a shortness of breath, . . . I cannot read and write. (On cross-examination.) I raked up a little hay or oats for Mr. Grover McDaniel. He put us in there to pull oats but I couldn't do that and I did not help cut oats. I piddle around at Mrs. Cole's a little bit," etc.

Andrew Green plaintiff, recalled, testified as follows: "Q. Andrew, state to the jury whether you know how to do anything except manual labor or not? Objection by defendant. Overruled. Exception. Answer: No, sir."

Dr. A. C. Duncan, witness for plaintiff, admitted to be an expert, testified, in part: "I know Andrew Green and examined him, I guess, some six or eight times in the last two years. *He has organic heart lesions and some nephritis — kidney trouble — they call it Bright's Disease.* That condition incapacitates him from work so far as hard manual labor is concerned. He is totally disabled from performing hard manual labor. In my opinion, he is permanently disabled from performing hard manual labor. As a rule, his condition would get worse as time goes on. (Cross-examination.) The first time I examined Andrew was probably a little more than a year ago. He was in my office for an examination last week. That was the first time I had seen him

25—203

in a long time. I don't think he could do hard manual work. I think he could do light work but do not know how long he could keep it up. This heart trouble under proper conditions will get a little better, and a little worse. (Redirect examination.) Q. State whether or not in your opinion he will ever be able to do the work of a section hand? Objection by defendant. Overruled. Exception. Answer: I don't think he will be able to do that kind of work any more."

The issues submitted to the jury and the judgment of the court below indicate the controversy. The judgment is as follows:

"This cause coming on to be heard at the February Term, 1932, of the Superior Court of Rutherford County, before his Honor, J. H. Clement, judge holding the courts of the Eighteenth Judicial District, and a jury, and being heard and it appearing to the court that the jury have answered the issues submitted to them, as follows:

1. Is the plaintiff permanently disabled on account of sickness, as alleged in the complaint? Answer: Yes.

2. Was plaintiff's policy of insurance in force at the time he became disabled, as alleged in the complaint? Answer: Yes.

3. Does the disability of plaintiff wholly and continuously disable him from performing any and every duty pertaining to any business or occupation by reason of such sickness? Answer: Yes.

4. How long has plaintiff's disability continued? Answer: 28 February, 1931.

It is, therefore, ordered, adjudged and decreed that the insurance policy referred to in the complaint is in full force and effect, and that the plaintiff have and recover of the defendant the sum of $288.76, being the amount due under and by virtue of the provisions of said policy for the first year of disability. And it further appearing to the court that the jury have found that the plaintiff is permanently and continuously disabled from performing any and every duty connected with any business or occupation and that under and by virtue of the provisions of said policy the plaintiff is entitled to recover the sum of $7.50 per month during such disability; It is, therefore, ordered, adjudged and decreed that the plaintiff have and recover, in addition to the sum hereinabove mentioned, the sum of $7.50 per month so long as he shall live, and the costs of this action." The defendant excepted and assigned error to the judgment as signed, made other exceptions and assignments of error and appealed to the Supreme Court. The material ones will be considered in the opinion.

*Quinn, Hamrick & Harris for plaintiff.*
*Stover P. Dunagan for defendant.*

CLARKSON, J. The defendant introduced no evidence, and at the close of plaintiff's evidence the defendant made a motion for judgment as in case of nonsuit. C. S., 567. The court below overruled the motion and in this we can see no error.

On 27 October, 1923, the defendant insurance company issued to plaintiff its insurance policy, which appears in the printed record. This controversy is over the following provision: "Monthly Sickness Indemnity. Part X, sec. (a). The company will pay said monthly sickness indemnity for the period not exceeding one year during which the *insured shall be wholly and continuously disabled and prevented from performing any and every duty pertaining to any business or occupation by reason of sickness,* and if such disability shall continue for more than one year, the company thereafter will pay one-fourth of said monthly sickness indemnity for so long as  it shall continue; but no indemnity shall be payable under this part for any period during which the insured is not regularly treated by a licensed physician; nor for disability not common to both sexes." (Italics ours.) Defendant contends that the plaintiff failed to show that under the terms and conditions of the policy he is entitled to sick benefits. We cannot so hold. There is no uncertainty or ambiguity in the language of the policy. *Underwood v. Insurance Co.,* 185 N. C., 538; *Gant v. Ins. Co.,* 197 N. C., at p. 124.

In *Lee v. Ins., Co.,* 188 N. C., at p. 541, the following is the provision in the policy, similar to that in the present action: "Wholly incapacitated and thereby permanently and continuously prevented from engaging in any avocation whatsoever for remuneration or profit."

The facts were in many respects like those in the present action and the conflicting evidence was left to the jury, and the verdict of the jury for the plaintiff was upheld. This Court sustained the charge of the court below, the latter part is as follows: (p. 542) "But as I have said, if, upon a fair consideration of all the evidence, the physician's evidence and the evidence of the laymen and of the plaintiff and the defendant and their witnesses, you should be satisfied by the greater weight of the evidence that during this year he has been wholly incapacitated by disease so that he was thereby continuously and permanently prevented from engaging in any avocation for remuneration or profit, then you would answer the issue 'Yes.' " *Buckner v. Ins. Co.,* 172 N. C., 762; *Brinson v. Ins., Co.,* 195 N. C., 332; *Fields v. Assurance Co.,* 195 N. C., 262; *Metts v. Ins. Co.,* 198 N. C., 197.

In *Bulluck v. Ins. Co.,* 200 N. C., at p. 646, in regard to the policy, the provisions and facts similar in many respects to this case, this Court said: "The reasoning of the opinions seems to indicate that engaging

in a gainful occupation is the ability of the insured to work with reasonable continuity in his usual occupation or in such an occupation as he is qualified physically and mentally, under all the circumstances, to perform substantially the reasonable and essential duties incident thereto. Hence, the ability to do odd jobs of comparatively trifling nature does not preclude recovery. Furthermore, our decisions and the decisions of courts generally, have established the principle that the jury, under proper instructions from the trial judge, must determine whether the insured has suffered such total disability as to render it 'impossible to follow a gainful occupation.' "

Exceptions and assignments of error made by defendant cannot be sustained, which were as follows: Dr. A. C. Duncan (an expert) Question: State whether or not in your opinion he will ever be able to do the work of a section hand? Answer: I don't think he will be able to do that kind of work any more. Andrew, (Green the plaintiff), state to the jury whether you know how to do anything except manual labor or not? Answer: No, sir." The defendant contends that "Neither of these questions nor answers were pertinent to the questions to be decided by the jury. It was not a question of whether the plaintiff was able to perform the duty of a section hand, nor was it a question as to whether or not the plaintiff knew how to perform any kind of work except manual labor, and these questions and answers were bound to create sympathy in the minds of the jury for the plaintiff and were prejudicial to the rights of this defendant to such an extent that for these errors the defendant should be granted a new trial." The defendant cites no authority to support its contention. We think the testimony of the expert physician competent. *S. v. Hightower,* 187 N. C., 300; *Shaw v. Handle Co.,* 188 N. C., 222; *Godfrey v. Power Co.,* 190 N. C., 24; *Baker v. International Shoe Co.,* 199 N. C., at p. 385. As regards the testimony of plaintiff, we see no prejudicial error in its admission.

In *C. & O. R. R. Co. v. Hoffman,* 109 Va., 44, 63 S. E., 432, 439, the Virginia Court says: "The ruling of the Court was, we think, correct. It would be straining to an unreasonable extent the doctrine which limits opinion evidence to say that a witness should not be allowed to express an opinion as to the extent and effect of an injury received upon his capacity to labor. Certain it is that he is in a better position to know than anyone else can be and, as he testifies in the presence of the jury and is subject to cross-examination as to all the conditions upon which his opinion is founded, we cannot think that it was error to permit him to testify."

We think the issues sufficient. "In *Mann v. Archbell,* 186 N. C., at p. 74, it is said: 'Issues are sufficient when they present to the jury

proper inquiries as to all the essential matters or determinative facts in dispute.' C. S., 584"; *Wright v. Cain,* 93 N. C., at p. 300; *Bailey v. Hassell,* 184 N. C., at p. 459; *Erskine v. Motor Co.,* 187 N. C., at p. 832.

In *Britt v. Ins. Co.,* 105 N. C., at p. 178, it is said: "We are aware that a contrary opinion on this point has been held in *Bobbitt v. Ins. Co.,* 66 N. C., 70, but in that case it seems to have been purely an *obiter dictum.* . . . (p. 179.) A careful examination of the reports of our sister states shows only one case in which it is held that the application must be set out in the complaint and in that instance *Bobbitt v. Ins. Co.,* is cited for the ruling, and no reasoning nor other authority is given. On the contrary, the rule seems to be as stated, 1 Boone on Code Pleading, sec. 156: 'All that is necessary in the complaint to make out a cause of action upon a policy of life insurance is a statement of the contract, the death of the assured, and the failure to pay as agreed (*Murray v. Ins. Co.,* 85 N. Y., 236); an allegation that the death of the assured was not caused by the breaking of any of the conditions of the policy is unnecessary; the plaintiff is not bound to anticipate in the complaint the defense which the defendant may set up, and has a right to rely in complaining upon such averments as state a cause of action, leaving matter which would meet a defense for proof or argument at the trial. *Cohen v. Ins. Co.,* 96 N. Y., 300.' *Piedmont Ins. Co. v. Ewing,* 93 U. S., 377."

In *Kendrick v. Life Ins. Co.,* 124 N. C., at p. 317, we find: "The plaintiff, to whom the policy was payable, was in possession of the policy, and the death of the insured being admitted, this made out a prima facie case. In the absence of evidence, the policy is presumed to have been delivered at the time it bears date. *Meadows v. Cozart,* 76 N. C., 450; *Lyerly v. Wheeler,* 34 N. C., 290. The authorities are numerous and quite uniform that the acknowledgment in the policy of the receipt of the premium estops the company to test the validity of the policy on the ground of nonpayment of the premium. . . . (p. 318.) *Chancellor Kent* says (3 Com., 260): 'the receipt of the premium in the policy is conclusive of payment and binds the insurer unless there is fraud on the part of the insured.'" *Rayburn v. Casualty Co.,* 141 N. C., 425; *Murphy v. Ins. Co.,* 167 N. C., at p. 336.

The defendant introduced no evidence. In its answer it did not set up part 10 of the policy, as follows: "But no indemnity shall be payable under this part for any period during which the insured is not regularly treated by a licensed physician." Of course this can be waived by defendant.

The defendant excepted to the issues and tendered certain issues, the 4th as follows: "Has the plaintiff during said period been regularly

treated by a licensed physician ?" The defendant's contention cannot be sustained for the reasons given in the above authorities.

The charge of the court below is not in the record, the presumption of law is that the court below charged the law correctly on every material aspect and charged the law applicable to the facts.

In *Rayburn v. Casualty Co.,* 141 N. C., at p. 435-6, is the following: "While this disposes of the appeal, an interesting, and in view of the large number of such policies in existence, an important question is presented by defendant's request to his Honor to instruct the jury that only fifty-two weeks having elapsed between the injury and the date of summons, plaintiff could not, in any point of view, in this action recover for more than that time. At the time of the trial the entire period had elapsed. It will be noted that the contract is to pay 'five dollars per week.' We presume that after the proofs are in, the insured is entitled to demand the weekly indemnity at the end of each week, and upon failure to pay may sue therefor. However this may be, we do not think that a recovery may be had any time subsequent to the date of the writ. In certain well defined cases, sounding in damages the plaintiff may have his damages assessed up to the time of the trial and in some, as for personal injuries, damages may be assessed for future suffering and incapacity. We find no authority for permitting a recovery upon an express contract for any other amount than that due at the date of the writ. *Jarrett v. Self,* 90 N. C., 478; *Smith v. Lumber Co.,* 140 N. C., 375."

Under the above authority, the plaintiff could not, as stated in the latter part of the judgment, "have and recover, in addition to the sum hereinabove mentioned, the sum of $7.50 per month so long as he shall live."

The plaintiff mistakes the purpose of the Declaratory Judgment Act, Public Laws, 1931, chap. 102, in assuming that a judgment, in an ordinary controversy like the present one, comes within the provisions of said act. It is quite obvious from the complaint that this is an action to recover under an insurance policy, that the alleged cause of action had already accrued and that the plaintiff had not contemplated a proceeding under the Declaratory Judgment Act. As was stated in *Post v. Metropolitan Casualty Ins. Co.,* 237 N. Y. S., 64, at p. 68: "It (Declaratory Judgment Act) was designed to supply the need of a form of action that would set controversies at rest before they led to repudiation of obligations, the invasion of rights, and the commission of wrongs." See, also, *Ætna Life Ins. Co. v. Richmond,* 129 Atl., 702; 12 A. L. R., 52; 50 A. L. R., 43; 68 A. L. R., 110; R. C. L., Permanent Supplement, p.

3956; Freeman on Judgments (5th ed.), Vol. 3, chap. 25, pages 2780-92; Van Hecke: "The North Carolina Declaratory Judgment Act," in North Carolina Law Review, Vol. 10, p. 1.

The briefs of the parties were able and helpful. For the reasons given, the judgment of the court below is

Modified and affirmed.